# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

MARY M. BATEY,                        )
                                      )
        Plaintiff,            )
                                      )
        v.                    )    No. 07-4130-SSA-CV-C-WAK
                                      )
MICHAEL J. ASTRUE, Commissioner,      )
Social Security Administration,       )
                                      )
        Defendant.            )

## ORDER

Claimant Mary Batey seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. The parties' briefs are fully submitted.

### Standard of Review

The reviewing court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

Substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d at 1068. It is more than a scintilla of evidence, McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983), but is less than a preponderance of the evidence. Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001). The possibility of drawing inconsistent conclusions from the evidence does not prevent

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

the Commissioner's finding from being supported by substantial evidence.  Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d at 282.  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian, 697 F.2d at 220.

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff Mary Batey was born in 1954, and passed the General Educational Development (GED) Test.  She worked for many years as a storekeeper and supervisor at a mental hospital.  She retired from that position in September 2003 because of her medical condition.  She states she became disabled in September 2003 because of diabetes, high blood pressure, anemia, back problems, carpal tunnel syndrome and a trigger thumb.  She also has a kidney problem, an iron deficiency and fatigue.

After summarizing the medical evidence, the Administrative Law Judge (ALJ) concluded plaintiff had hypertension, type II diabetes mellitus and an iron deficiency anemia, which were severe within the meaning of the Social Security Act. He found she could not return to her former work, but retained the residual functional capacity to perform light exertional-level work. Under the cited regulations and rules, the ALJ held plaintiff was not disabled for purposes of Social Security benefits.

Plaintiff claims the ALJ erred in using the Medical Vocational Guidelines to determine she was not disabled. She states use of those guidelines are precluded when there are nonexertional impairments. She lists her nonexertional impairments as chronic back pain, symptoms of hypertension, fatigue, and pain and numbness due to carpal tunnel syndrome. It is her position that the ALJ should have called a vocational expert to testify.

In his decision, the ALJ specifically found that Batey did not have nonexertional limitations and that she had the residual functional capacity to perform a full range of light work. The ALJ noted inconsistencies in the record which supported his determination that plaintiff did not have nonexertional limitations. For example, she took prescription pain medication three or four times a month, but otherwise only took Tylenol for pain. Her back pain was diagnosed as lumbago and the records indicate she responded to physical therapy. For a period of time, she was going to a fitness club three times a week.

Likewise, her hypertension responded to medication and was monitored, although there were some fluctuations. She did not report symptoms or side effects from medications to her treating physicians and the records do not suggest her symptoms would preclude her from engaging in work activity.

Nerve conduction studies indicate plaintiff had mild right carpal tunnel syndrome and moderate ulnar neuropathy at the Guyon's canal. Carpal tunnel release surgery was discussed and it appears plaintiff opted not to have the surgery when she had her trigger thumb release surgery, because workers compensation would not pay for both procedures. Thus, the records suggest the condition could be treated.

Plaintiff's fatigue is documented, but the medical records do not indicate it is severe, or even moderate. Her anemia was being treated and showed some improvement. The ALJ did

3

not find claimant's testimony to be entirely credible and he did not find fatigue would impose a significant restriction in her ability to perform basic work activities. On the available record, the court finds there is substantial evidence to support that finding.

The court notes that where adequately explained, credibility decisions are for the ALJ to make. Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

In this case, the ALJ did not find the nonexertional impairments to be severe, and he noted his reasons. "Impairments that are controllable or amenable to treatment do not support a finding of disability, and '[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.'" Kisling v. Chater, 105 F.3d 1255 (8th Cir. 1997).

Further, the issue is not whether plaintiff was experiencing pain and fatigue during the coverage period, but how severe it was and whether it was disabling. Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

The court's review is limited to a determination of whether there is substantial evidence on the record as a whole to support the Commissioner's decision. Comstock v. Chater, 91 F.3d 1143, 1145 (8th Cir. 1996). In this case, there is substantial evidence on the record as a whole to support the ALJ's determination that Batey did not have nonexertional limitations which were severe within the meaning of the Social Security Act.

In the absence of nonexertional limitations, the ALJ could properly rely on the Medical Vocational Guidelines. "When the ALJ determines that a claimant's subjective complaints of pain are not credible and, therefore, do not diminish the claimant's residual functional capacity to perform the Guideline-listed activities, the ALJ may rely on the Guidelines." Holley v.

4

<u>Massanari</u>, 253 F.3d 1088,1093 (8th Cir. 2001). <u>See also</u> <u>Ellis v. Barnhart</u>, 392 F.2d 988 (8th Cir. 2005) (when ALJ acts within his discretion, based on the record, to discredit subjective complaints and finds nonexertional impairments did not diminish ability to perform full range of work, grids may be used without vocational expert testimony).

Here, the ALJ's decision is supported by substantial evidence on the record as a whole and the ALJ did not commit reversible error by relying on the Medical Vocational Guidelines. Accordingly, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 21st day of May, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5